UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHAIN S.,

           Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

Case No. C18-5634 RSL

ORDER AFFIRMING DENIAL OF BENEFITS

Plaintiff Shain S. appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner"), which denied his application for disability insurance benefits under Title II of the Social Security Act, (the "Act"), 42 U.S.C. §§401-33, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Commissioner's decision is AFFIRMED and the case is DISMISSED with prejudice.

I.     FACTS AND PROCEDURAL HISTORY

Plaintiff is a 50-year-old man with a high school education. See Admin. Record ("AR") at 76, 524. Plaintiff applied for benefits, alleging disability as of September 3, 2012. Id. at 76. His claims were denied on initial administrative review and on

ORDER AFFIRMING DENIAL OF BENEFITS - 1

reconsideration. Id. at 76-85, 88-98. On April 10, 2014, ALJ Tom Morris held a hearing, at which Plaintiff and a vocational expert testified. Id. at 31-75.

On December 23, 2014, ALJ Morris issued a decision denying Plaintiff's claim for benefits. Id. at 12-24. The Appeals Council denied review. Id. at 1-3. Plaintiff then sought review in this Court. Id. at 600-02.

On December 14, 2016, U.S. Magistrate Judge David Christel issued a decision reversing ALJ Morris's decision and remanding the matter for further administrative proceedings. Id. at 611-24. Magistrate Judge Christel held that ALJ Morris erred in rejecting Plaintiff's symptom testimony, and should reevaluate the statements from Aaron Eusterbrock, PA-C and the lay witnesses. Id. at 611-23. Magistrate Judge Christel held, however, that Plaintiff failed to establish that the ALJ erred by failing to fully develop the record. Id. at 623-24.

On remand, ALJ Morris held a second hearing. Id. at 522-73. ALJ Morris subsequently issued a decision again denying Plaintiff's claim for benefits. Id. at 498-514. Plaintiff did not file written exceptions, and the Appeals Council did not assume jurisdiction. Plaintiff then sought review before this Court. Compl. (Dkt. #3).

## II. STANDARD OF REVIEW

Pursuant to 42 U.S.C. §405(g), the Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. Bayliss v. Barnhart, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a

preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. Id.

### III. EVALUATING DISABILITY

Plaintiff, as the claimant, bears the burden of proving that he is disabled within the meaning of the Act. Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment that has lasted, or is expected to last, for a continuous period of not less than 12 months. 42 U.S.C. §423(d)(1)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §423(d)(2)(A); see also Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. See 20 C.F.R.

§404.1520. The claimant bears the burden of proof during steps one through four. Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685, 689 (9th Cir. 2009). At step five, the burden shifts to the Commissioner. Id. If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §404.1520(b).[1] If he is, disability benefits are denied. If he is not, the Commissioner proceeds to step two. Id. At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical or mental ability to do basic work activities. 20 C.F.R. §404.1520(c). If the claimant does not have such impairments, he is not disabled. Id. If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §404.1520(d). A claimant whose impairment meets or equals one of the listings for the required 12-month duration is disabled. Id.

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §404.1520(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work. 20 C.F.R. §404.1520(f). If the

---

[1] Substantial gainful activity is work activity that is both substantial, *i.e.*, involves significant physical and/or mental activities, and gainful, *i.e.*, performed for profit. 20 C.F.R. §404.1572.

claimant is able to perform her past relevant work, he is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §404.1520(g); <u>Tackett</u>, 180 F.3d at 1099-100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded. 20 C.F.R. §404.1520(g).

## IV. DECISION BELOW

On April 4, 2018, ALJ Morris issued a decision finding the following:

1. The claimant has not engaged in substantial gainful activity since September 3, 2012, the alleged onset date. <u>See</u> 20 C.F.R. §§ 404.1571-76.

2. The claimant has the following severe impairments: Cerebral trauma, migraines, degenerative disc disease, organic brain syndrome, and adjustment disorder with depressed mood. <u>See</u> 20 C.F.R. §404.1520(c).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. <u>See</u> 20 C.F.R. §§404.1520(d), 404.1525, 404.1526.

4. The claimant has the RFC to perform sedentary work as defined in 20 C.F.R. §404.1567(a), with exceptions. He can lift and/or carry 15 pounds occasionally and ten pounds frequently. He can frequently climb ramps and stairs, balance, and kneel. He can occasionally stoop. He can never crawl, crouch, or climb ladders, ropes, or scaffolds. He is capable of simple, routine tasks, with customary breaks. He can have superficial contact with coworkers and supervisors. He cannot have contact with the general public for work tasks, but can have incidental contact with the public. He can deal with frequent changes in the work environment. He cannot perform at a production-rate pace, but can perform goal-oriented work where the worker has more control over the pace. He may be off-task up to ten percent of an eight-hour work day, and may at times need to use a

cane, but is capable of carrying objects within the exertional limitations with the other hand back to a work station or if items are on a cart he can push it to the work station.

5. The claimant is unable to perform any past relevant work. See 20 C.F.R. §404.1565.

6. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform. See 20 C.F.R. §§404.1569, 404.1569(a).

7. The claimant has not been under a disability, as defined in the Act, from the alleged disability onset date through the date of the ALJ's decision. See 20 C.F.R. §404.1520(g).

AR at 498-514.

## V. ISSUES ON APPEAL

A. Whether the ALJ properly rejected the opinions of examining doctor William Chalstrom, Ph.D.

B. Whether the ALJ adequately developed the record regarding Plaintiff's physical impairments.

Pl. Op. Br. at 1.

## VI. DISCUSSION

**A. The ALJ Did Not Harmfully Err in Rejecting Dr. Chalstrom's Opinions**

Plaintiff argues that ALJ Morris erred in rejecting Dr. Chalstrom's Opinions. Id. at 3-9. The Court disagrees.

Dr. Chalstrom examined Plaintiff on September 9, 2016. AR at 864-73. Dr. Chalstrom opined that Plaintiff was "capable of completing simple repetitive tasks, but would have more difficulty following complex instructions," and "would not be able to

follow complex instructions, [sic] if they were delivered orally." Id. at 867. Dr. Chalstrom opined that Plaintiff's pain, anxiety, and depression would affect his concentration, but did not provide any further detail on that point. Id. Dr. Chalstrom opined that Plaintiff "would have trouble getting along with supervisors and others in a work situation" because he would become very irritable and angry. Id.

ALJ Morris gave Dr. Chalstrom's opinions partial weight. Id. at 512. ALJ Morris gave significant weight to Dr. Chalstrom's opinion that Plaintiff was capable of performing simple, repetitive tasks. Id. ALJ Morris gave little weight to Dr. Chalstrom's opinion that Plaintiff had trouble getting along with others because "[w]hile [Plaintiff] might have demonstrated some anger during this examination, as noted above he generally presented with normal mood and affect throughout the relevant period." Id.

An ALJ is not bound by expert medical opinions, but must provide clear and convincing reasons to reject an examining doctor's uncontradicted opinions. Gallant v. Heckler, 753 F.2d 1450, 1454 (9th Cir. 1984); see also Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004) (noting that a treating physician's opinion "is not binding on an ALJ with respect to the existence of an impairment" and that "[t]he ALJ may disregard the treating physician's opinion whether or not that opinion is contradicted") (internal quotation marks and citations omitted). An ALJ may satisfy the clear and convincing standard by demonstrating that a doctor's opinions are inconsistent with the overall medical evidence. See Batson, 359 F.3d at 1195.

Plaintiff has failed to show that ALJ Morris harmfully erred. See Ludwig v.

Astrue, 681 F.3d 1047, 1054 (9th Cir. 2012) (citing Shinseki v. Sanders, 556 U.S. 396, 407-09 (2009)). ALJ Morris thoroughly discussed the evidence and cited to numerous records showing that Plaintiff presented with normal mood and affect. See AR at 314, 317, 324, 507, 512, 852, 875, 898. ALJ Morris noted that Plaintiff presented as irritable and angry only in a few isolated contexts. See id. at 507, 512, 878, 913, 1008. The ALJ reasonably interpreted this evidence as inconsistent with Dr. Chalstrom's opinions, and thus did not err in rejecting those opinions. See Batson, 359 F.3d at 1195.

**B.     The ALJ Did Not Harmfully Err in Developing the Record Concerning Plaintiff's Physical Impairments**

Plaintiff argues that the ALJ failed to adequately develop the record as to Plaintiff's physical impairments. Pl. Op. Br. at 10-16. Plaintiff argues that the ALJ rejected all of the medical source statements that related to Plaintiff's physical impairments, so he could not formulate an RFC based on substantial evidence without obtaining additional medical opinions. Id. at 10. The Court disagrees.

"The ALJ in a social security case has an independent 'duty to fully and fairly develop the record and to assure that the claimant's interests are considered.'" Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996)). But "[t]he claimant bears the burden of proving steps one through four, consistent with the general rule that '[a]t all times, the burden is on the claimant to establish [her] entitlement to disability insurance benefits.'" Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007) (quoting Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1998)). Correspondingly, "[a]n ALJ's duty to develop the record further is triggered only

when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001) (citing Tonapetyan, 242 F.3d at 1150). And, in general, "the ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." Rounds v. Comm'r Soc. Sec. Admin., 807 F.3d 996, 1006 (9th Cir. 2015) (citing Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1174 (9th Cir. 2008)).

Plaintiff has failed to show that ALJ Morris harmfully erred. See Ludwig, 681 F.3d at 1054 (citing Shinseki, 556 U.S. at 407-09). ALJ Morris had multiple medical opinions to evaluate in formulating the RFC, and the fact that he discounted them does not deprive his RFC determination of substantial evidence. In formulating the RFC, the ALJ must consider the medical evidence, such as treatment records and doctors' opinions, but must also take into account the claimant's testimony, lay witness statements, and other non-medical considerations, such as the claimant's daily activities. *See* 20 C.F.R. §404.1545(a)(3); Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006); SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996) (stating that the "RFC assessment must be based on *all* of the relevant evidence in the case record, such as: [m]edical history, [m]edical signs and laboratory findings, . . . [r]eports of daily activities, [l]ay evidence, [r]ecorded observations, [and] [m]edical source statements"). Thus, although the ALJ may not substitute his own medical opinions for those of trained professionals, he may (and, in fact, must) translate all of the evidence, medical and non-medical, into a succinct RFC. That is what ALJ Morris did here. See AR at 504-12.

Plaintiff argues that much of the medical evidence in the record was outdated, and that ALJ Morris therefore needed to obtain a newer evaluation. Pl. Op. Br. at 15. But the records ALJ Morris considered all related to Plaintiff's condition since his alleged onset date. See AR at 511-12. ALJ Morris did not have a duty to obtain a newer opinion when there was no obvious ambiguity in those records. Consequently, Plaintiff has failed to show that ALJ Morris harmfully erred by failing to adequately develop the record.

VII. CONCLUSION

For the foregoing reasons, the Court AFFIRMS the Commissioner's decision and DISMISSES this case with prejudice.

DATED this 8th day of July, 2019.

ROBERT S. LASNIK
United States District Judge